## No. 6038.

IN THE MATTER OF THE DRAINAGE COMMISSIONERS OF THE FIRST DRAINAGE DISTRICT PRAYING FOR THE HOMOLOGATION OF THE ASSESSMENT ROLL. ON RULE TO ERASE MORTGAGES AND PRIVILEGES FOR TAXES.

The only question to be decided in this case is. whether the privilege and mortgage given by the act entitled " an act to provide for leveeing, draining, and reclaiming swamp lands in certain portions of New Orleans," etc., adopted in 1858, is superior to the rights of the State and municipal corporation on a certain piece of property bought by plaintiff in rule. The question must be answered negatively.

The charter of the city adopted in 1870 declares the privilege in favor of the city for its taxes shall exist " until fully paid, and shall be paid in preference to all mortgages and incumbrances other than taxes due to the State." The same rank is given to city taxes in the act of 1872, section eleven, page 126.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. Rice & Whitaker,* for plaintiff in rule, appellant. *S. P. Blanc,* Assistant City Attorney, for city of New Orleans, appellee. *H. C. Dibble,* Assistant Attorney General, for State of Louisiana, appellee. *Hornor & Benedict,* for recorder of mortgages, appellee.

LUDELING, C. J. The plaintiff, W. J. Delano, having bought a square of ground between Murat, Olympia, Banks, and Palmyra streets, at

sheriff's sale, took a rule against the State, the city of New Orleans, the sheriff, and the recorder of mortgages to show cause why the privileges and mortgages for taxes should not be canceled. He claims that the property was sold under a judgment for the drainage assessment against the property, which was secured by the first mortgage and privilege on the property, because the act entitled "an act to provide for leveeing, draining, and reclaiming swamp lands in certain portions of New Orleans," etc., adopted in 1858; declares that "said lien, privilege, and first mortgage shall take precedence over all mortgages, liens, and privileges whatsoever, whether, tacit, conventional, legal, or judicial," etc. The only question to be decided is whether the privilege and mortgage given by the said act is superior to the rights of the State and municipal corporation on said property for the taxes due? For a court of justice to adopt such a conclusion, the law which would justify it would have to be so positive as to leave no possible room for construction. On the contrary, the charter of the city adopted in 1870 declares the privilege in favor of the city for its taxes shall exist "until fully paid, and shall be paid in preference to all mortgages and incumbrances other than taxes due the State." The same rank is given to city taxes in the act of 1872, page 126, section eleven.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.